Henry S. David (#89297)
*hdavid@davidfirm.com*
THE DAVID FIRM®
617 W. 7th St., Suite 702
Los Angeles, CA 90017
Telephone: 213.550.4020
Facsimile: 213.550.4010

Andrew F. Kim (#156533)
*akim@afklaw.com*
Law Office of Andrew F. Kim, Esq., P.C.
9018 Balboa Boulevard, Suite 552
Northridge, CA 91325
Telephone: (818) 216-5288
Facsimile: (818) 993-3012

Attorneys for Creditors
ISRAEL ABSELET and
HOWARD ABSELET

**FILED & ENTERED**

**OCT 10 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and<br>MASSOUD AARON YASHOUAFAR,<br><br>   Debtors.<br><br>In re:<br><br>SOLYMAN YASHOUAFAR,<br><br>   Debtor.<br><br>In re:<br><br>MASSOUD AARON YASHOUAFAR,<br><br>   Debtor.<br><br>Affects:<br><br>   Both Debtors. | Case No. 1:16-bk-12255-GM<br>Jointly Administered with Case<br>No. 1:16-bk-12408-GM<br><br>Chapter 11<br><br>**ORDER PURSUANT TO RULE 9019(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT AMONG DAVID K. GOTTLIEB, AS CHAPTER 11 TRUSTEE, HOWARD L. ABSELET, AND ISRAEL ABSELET**<br><br>**Date: September 19, 2017**<br>**Time: 10:00 a.m.**<br>**Place: Courtroom 303** |

- 1 -

ORDER GRANTING MOTION TO APPROVE SETTLEMENT

This matter came before the Court on the *Motion for Order Approving Settlement Agreement among David K. Gottlieb as chapter 11 trustee, Howard L. Abselet, and Israel Abselet* [Docket No. 493] (the "**Motion**");[1] having reviewed the Motion, and the matters reflected in the record of the hearing held on the Motion, the Court finds (a) that it has jurisdiction over this Motion; (b) that appropriate and sufficient notice of the Motion has been given; (c) that this is a core proceeding; (d) the Trustee and the Abselets negotiated and entered the Agreement in good faith, and that the terms of the settlement are fair and reasonable; (e) that the relief sought in the Motion is in the best interests of the Estates and the creditors; (f) that the Agreement and the proposed settlement meet the standards in Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (g) that good and sufficient cause exists for such relief. Accordingly, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED.

2. The Agreement among the Trustee, Howard L. Abselet, and Israel Abselet, as amended by Amendment No. 1, is approved.

3. The Parties are authorized to, and shall, take any and all actions as may be reasonably necessary and appropriate to consummate the Agreement.

4. Howard's Claim is allowed and secured by liens as set forth in the Agreement.

5. Israel's Claim is allowed and secured by liens as set forth in the Agreement.

6. The transfers by which Howard obtained ownership of the Stock are valid and effective, are not avoidable, and may not be avoided.

7. The Agreement and this Order effect a settlement of the Estates' and the Trustee's rights, remedies, claims, liens, and defenses. The Agreement and this Order do not constitute a settlement, a modification, a waiver, or a release of

---

[1] All capitalized terms used but not defined in this Order shall have the meanings given to them in the Agreement attached as Exhibit "1" to this Order.

E DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

anyone else's own, direct rights, remedies, claims, and defenses; that is, the Trustee is settling, waiving, and/or releasing claims that belong to the Trustee and/or the Estates, including, but not limited to, claims that the Trustee has under section 544 of the Code.  Further, the Settlement Agreement and this Order are not entitled to preclusive effect (whether res judicata, collateral estoppel, or any other preclusion doctrine) as to such other parties-in-interest's own rights, remedies, claims, liens, and defenses.

8.    As of the Effective Date, and retroactive to the Petition Date, Howard, ECP Building, and ECPLP have relief from the automatic stay, any other stay, and any discharge injunction  (A) to operate and/or wind up ECPLP and ECP Building; (B) to enforce the Charging Orders and the Charging Liens, including causing the entities subject to the Charging Liens to make distributions to Howard; and (C) to take any steps that they deem necessary in connection with the receivership estate in Howard's Collection Action.

9.    As of the Effective Date, and retroactive to the Petition Date, Howard has relief from the automatic stay and any discharge injunction to pursue any and all rights and remedies with respect to the RLI Stock, the Irrevocable Instructions, and the Reserve Accounts.

10.    As of the Effective Date, and retroactive to the Petition Date, to the extent that the automatic stay and/or any discharge injunction may apply, Howard has relief from the automatic stay and any discharge injunction to prosecute, and enforce any resultant judgment, in the APII FT Action, the ECP FT Action, the FNC Action, and/or the Levene Neale Action.

11.    As of the Effective Date, and retroactive to the Petition Date, to the extent that the automatic stay and/or any discharge injunction may apply, Howard has relief from the automatic stay and any discharge injunction to enforce the Judgment against judgment debtors other than the Debtors.

E DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

12. As of the Effective Date, the Abselets, and each of them, have (A) relief from the automatic stay and any discharge injunction to pursue any and all rights and remedies that they may have to avoid, have declared void, set aside, nullify, or to recover damages for, the Foreclosures and the resultant apparent extinguishment of the $2M DOTs and/or Howard's Abstract of Judgment, and (B) authority to name the Trustee as a party to that action and relief from 28 U.S.C. § 959(a) to the extent that such relief is necessary; *provided, however*, the Abselets, and each of them, may not seek, and may not obtain, any relief against the Trustee that increases or changes the Abselets' rights against the Estates as provided in the Agreement.

13. As of the Effective Date, the Abselets, and each of them, have relief from the automatic stay and any discharge to take such steps as they deem appropriate to seek to perfect, or to seek to continue perfection, of their liens and security interests.

14. As of the Effective Date, Howard has relief from the automatic stay and any discharge injunction to renew the Judgment in his Collection Action.

15. As of the Effective Date, Howard has relief from the automatic stay and any discharge injunction with respect to any order regarding his Post-May 31 Fees and/or to file a memorandum of post-judgment costs.

16. As of the Effective Date, if and when Israel, ECPLP, and/or APII obtain a judgment that their claims against the Debtors are non-dischargeable, Howard, Israel, ECPLP, ECP Building, and APII have relief from the automatic stay and any discharge injunction to enforce Israel's, ECPLP's, ECP Building's and APII's claims against the Debtors.

17. APII, ECPLP, ECP Building, RLI, RLL, S&R, Madison, S.Y., and MAY, and each of them, shall not be substantively consolidated with the Estates, without the Abselets' consent, which the Abselets may give or withhold in their sole and absolute discretion.

E DAVID FIRM®
LAW OFFICES
617 W. 7th St., Suite 702
Los Angeles, California 90017
(213) 550-4020

18. Any and all successor chapter 11 trustees, chapter 7 trustees, and chapter 13 trustees in the Bankruptcies and, subject to Paragraph 7 above, all parties in interest in the Bankruptcies shall be bound by this Agreement and this Order to the same extent that the current Trustee is bound.

19. The respective rights and the obligations of the Parties, or any of them, under this Order and the Agreement (A) shall survive (1) confirmation of any and all plan/s of reorganization and/or liquidation in the Bankruptcies, including amendments and replacements to, and restatements of, such plan/s, if any, (2) conversion of the Bankruptcies to chapter 7 liquidations, and/or (3) dismissal of the Bankruptcies, and (B) shall not be nullified, modified, limited, or adversely effected, by plan/s of reorganization and/or liquidation, without the Abselets' prior written consent, in their sole and absolute discretions.

20. To the extent permitted by law, the Parties shall submit any and all motions regarding Howard's Post-May 31 Fees to the District Court hearing Howard's Collection Action to hear and decide. In that event, the moving party shall file a notice in the Bankruptcies of the filing of such motions in the District Court. Said notice shall be filed the same day as the notice of motion in the District Court. If that District Court declines to hear such motions, this Court shall hear and decide such motions, the Parties having consented to this Court's jurisdiction to do so.

21. Other than as provided in Paragraph 20 of this Order, the Court shall retain jurisdiction, and shall have exclusive jurisdiction, to hear and determine all matters arising from the implementation of this Order and/or arising from or related to any dispute under the Agreement.

//

//

- 5 -
ORDER GRANTING MOTION TO APPROVE SETTLEMENT

22. In the event of any conflict, the Agreement shall control over the Motion, and this Order shall control over the Agreement and the Motion.

### 

Date: October 10, 2017

_____
Geraldine Mund
United States Bankruptcy Judge

- 6 -
ORDER GRANTING MOTION TO APPROVE SETTLEMENT